**Zun Xiang LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. March 20, 2006.**

United States Court of Appeals, Second Circuit.

March 20, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Robyn A. Millenacker, Assistant United States Attorney, Minneapolis, Minnesota, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Jr., and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Zun Xiang Lin, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Lin's petition for review is timely only with respect to Lin's fourth motion to reopen.

The BIA determined that Lin's fourth motion was untimely and did not exercise due diligence in being able to show why his filing should be equitably tolled. In general, an alien must file his motion to reopen with the BIA within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The filing deadline for motions to reopen based on ineffective assistance of counsel claims can be equitably tolled in certain circumstances. *See Iavorski*, 232 F.3d 124, 126 (2d Cir.2000).

Lin does not dispute that his motion was untimely; Lin argues only that he exercised due diligence in filing his motion to reopen because he filed a complaint against the individuals that assisted him with his application only ten days after he learned of their fraudulent behavior. Lin claimed that he did not learn of the agency's poor representation until 2005. However, because Lin filed a prior motion to reopen, in 2003, arguing ineffective assistance from the same individuals, it is not clear how Lin only learned of the misconduct in 2005. Accordingly, Lin did not prove that he exercised due diligence during the period he seeks to toll. There is also no dispute that Lin has filed four motions to reopen, and he does not argue that he falls within one of the exceptions to the numerical limitations set forth at 8 C.F.R. § 1003.2(c)(3).

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.